NEW ORLEANS, FEBRUARY, 1900.                    819

State ex rel. Bayhi et al. vs. St. Alexandre, Clerk.

---

No. 13,391.

STATE EX REL. JAMES BAYHI ET AL. VS. JAMES D. ST. ALEXANDRE, CLERK TWENTY-SECOND JUDICIAL DISTRICT, PARISH OF ST. BERNARD.

### SYLLABUS.

Under Act No. 3 of 1894, it is the duty of the clerk to embody in the transcript of appeal the original, transcribed, stenographic report of the testimony, whether the duplicate required by said act is on file or not; the failure to file the duplicate being another question.

APPLICATION for a Writ of *Mandamus.*

---

*A. E. & O. S. Livaudais* for Relators.

---

*John Dymond, Jr.,* and *N. H. Nunez* for Respondent.

---

The opinion of the court was delivered by

MONROE, J.   This is an application for a *mandamus,* to compel the Clerk of the Twenty-Second Judicial District Court, for the Parish of St. Bernard, to embody in the transcript of appeal, and without charge, the stenographer's report of the testimony taken in the matter of Nemours H. Nunez vs. James Bayhi *et al.,* No. 510, of the docket of said court.

From the respondent's return, it appears that only the original report of the testimony was filed, and, when the relators (being appellants in the case in which the testimony was taken) demanded that such original should be embodied in the transcript, without charge,

the respondent refused to comply with said demand on the ground, that, as no copy thereof had been filed, it was necessary for him to retain the original in order to preserve the integrity of the records of the court of which he is clerk. Thereafter, he proceeded to make a copy of the report of the testimony, and, when this had been partially completed, the counsel for the appellants informed respondent that he had a copy of said report, but made no tender thereof, and respondent would not have received it, at that time, if it had been tendered, being of opinion that appellants' counsel was at fault in not having filed said copy with the original report, and being of the opinion that the work done by him in copying said original, in order that he might retain the same as part of the archives of his office, should be compensated by the appellants.

We are not informed by the record whether the copy of the stenographer's report which appellants' counsel had in their possession was the duplicate which the law (Act No. 3 of 1894) requires the stenographer to prepare, to remain in the record, or whether it was a copy which the counsel had ordered for their own use. If it was the duplicate, prepared by the stenographer, in conformity to the statute, the counsel are to blame for not having delivered it to the clerk. But that does not affect the question before us. The law requires the clerk to embody the original in the transcript, and although it also provides that the duplicate shall remain in the record, that is another question, for which a solution is pointed out in the opinion in State *ex rel.* Legendre vs. Clerk, 47 Ann., 361.

It is therefore ordered that the alternative writ of *mandamus* herein issued be now made peremptory, and that the respondent be directed to embody, without charge, in the transcript of appeal, in the case of Nemours H. Nunez vs. James H. Bayhi *et al.*, the original transcribed stenographic report of the testimony taken in said case, and now on file in his office.

It is further ordered that the respondent pay the cost of these proceedings.